REBER v. LOUIS SHULMAN & BRO.

(District Court, E. D. Pennsylvania.    May 26, 1910.)

No. 1, Sept. Sess. 1909.

BANKRUPTCY (§ 303*)—PREFERENCE—BURDEN OF PROOF.

In an action by a trustee in bankruptcy against an accommodation in-
dorser of the bankrupts' paper to recover an alleged preference, consisting
of the bankrupts' payment of the debt to the holder of the paper within the
statutory period relieving defendants from their contingent liability, the
burden was on the trustee to prove by evidence establishing more than a
suspicion that the bankrupts intended thereby to prefer defendants when
the debt was so paid, and that defendants knew or had reasonable cause
to believe that such preference was intended.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 458; Dec.
Dig. § 303.*]

Action by J. Howard Reber, trustee of J. Stern & Sons, bankrupts,
against Louis Shulman & Bro. to recover a preference.   On motions
for a new trial and for judgment notwithstanding the verdict.   Mo-
tion for judgment notwithstanding the verdict allowed.

Clinton O. Mayer, for plaintiff.
Samuel J. Gottesfeld, for defendant.

J. B. McPHERSON, District Judge.    This is a suit to recover a
preference, not of the usual kind where payment has been made di-
rectly to a defendant, but where the payment has been made to one
person and another person has benefited thereby.    Shulman & Bro.
were accommodation parties to commercial paper, of which Charles
Nemcof was the holder.    The bankrupts were primarily liable, and
paid the debt directly to Nemcof within the statutory period, thus re-
lieving the defendants of their contingent liability.    It was conceded
at the trial that the bankrupts knew of their insolvency when payment
was made, and also that the payment gave to Nemcof a forbidden ad-
vantage.    This left for determination the questions (1) whether the
bankrupts intended to prefer the defendants when payment was made
to Nemcof, and (2) whether the defendants knew or had reasonable
cause to believe that such a preference was intended.    These were
questions of fact, and the jury answered them in favor of the trustee;
but it is necessary now to consider the preliminary question of law that
was reserved at the trial, whether there was submissible evidence upon
these points, and I have come to the conclusion that such evidence was
not presented.    In my opinion the evidence was too slight to carry the
case to the jury upon the vital question whether the defendants knew
or had reasonable cause to believe at the time when payment was made
that the bankrupts intended to give them a preference.    The testimony
need not be discussed in detail.    This has been fully done in the briefs
that have been submitted upon these motions, and I shall content my-
self with the remark that the evidence upon which the trustee seems
to rely leaves entirely too much to inference.    The burden of proof
was upon him to establish all the elements of the preference, and as it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

seems to me he did no more than furnish some ground for suspicion that the defendants may have had cause to believe that the bankrupts were not in a satisfactory financial condition. Upon the equally vital point whether there was reasonable cause for the belief that the bankrupts intended the payment to be preferential, I think that the evidence can hardly be said to exist. At all events, it was so slight that no verdict based upon it should be permitted to stand. It is my duty, therefore, to sustain the motion for judgment notwithstanding the verdict.

The motion for a new trial is refused, and the clerk is directed to enter judgment in favor of the defendants upon the point reserved notwithstanding the verdict. To the entry of such judgment an exception is sealed for the plaintiff.